**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**


*In re* **M.C. and H.G.**

**No. 22-696** (Cabell County 20-JA-200 and 20-JA-201)


**MEMORANDUM DECISION**


Petitioner Mother/Grandmother, L.C.,[1] appeals the Circuit Court of Cabell County's August 11, 2022, order terminating her parental rights to her daughter, M.C., and terminating her guardianship rights[2] to her grandson, H.G.[3] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision vacating and remanding the circuit court's order is appropriate, in accordance with the "limited circumstances" requirement of Rule 21(d) of the West Virginia Rules of Appellate Procedure.

The proceedings below were initiated in November 2020, when the DHHR filed a petition alleging that petitioner had been arrested for drug charges[4] and placed the children in a home with their former foster parents, D.L. and B.L.[5] The petition alleged that petitioner has a history of drug use and neglected the children by actively using drugs. Petitioner stipulated to the allegations in the petition and, following an adjudicatory hearing in February 2021, the circuit court found that petitioner abused and neglected the children.

---

[1]Petitioner appears by counsel, Steven T. Cook. The West Virginia Department of Health and Human Resources ("DHHR") appears by counsel, Attorney General Patrick Morrisey and Assistant Attorney General Andrew T. Waight. Counsel Cathy L. Greiner appears as the children's guardian ad litem ("guardian").

[2]Prior to initiation of the proceedings below, petitioner acquired guardianship of her grandson, H.G.

[3]We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

[4]Petitioner was in jail at the time the DHHR filed its petition, and she was released in December 2020.

[5]The children had been placed in the foster home on two prior occasions as a result of petitioner's drug use.

1

In August 2021, counsel for petitioner filed a motion for visitation and requested an improvement period. Although the circuit court did not rule on either of petitioner's requests, petitioner did have visitation with the children.

The circuit court proceeded to disposition and conducted several hearings, including an in camera interview with the children, culminating in a final hearing in June 2022. The evidence indicated that, despite a few setbacks, petitioner had not tested positive for drugs for approximately six months prior to disposition. The circuit court's in camera interview with the children revealed that the children did not wish to be returned to petitioner's custody but that they wished to be allowed visits with petitioner. The circuit court ultimately terminated petitioner's parental rights. Neither the transcripts from the dispositional hearings nor the final dispositional order indicate that the circuit court explicitly found that there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future, or provided factual findings to support such a conclusion. It is from the dispositional order that petitioner appeals.[6]

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law *de novo*. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Further, we have explained that

> [w]here it appears from the record that the process established by the Rules of Procedure for Child Abuse and Neglect Proceedings and related statutes for the disposition of cases involving children adjudicated to be abused or neglected has been substantially disregarded or frustrated, the . . . case [will be] remanded for compliance with that process.

Syl. Pt. 5, in part, *In re Edward B.*, 210 W. Va. 621, 558 S.E.2d 620 (2001).

Petitioner asserts two assignments of error on appeal: first, that the circuit court erred in terminating her parental and guardianship rights and, second, that the circuit court erred in failing to grant her an improvement period. Upon our review, we are unable to properly address petitioner's first assignment of error regarding the termination of her parental and guardianship rights because the dispositional order does not include requisite findings. We are further unable to address petitioner's second assignment of error concerning the denial of her motion for an improvement period because the record does not reveal any ruling by the circuit court on this motion.

In discussing the sufficiency of dispositional orders in abuse and neglect proceedings, we previously explained that,

---

[6]According to the DHHR, M.C.'s father's custodial rights were terminated during a prior proceeding and neither of H.G.'s parents exercised custody prior to the initiation of these proceedings. The DHHR further indicates that it will file an amended petition in regard to these parents in order to effectuate the children's permanency plan of adoption together in the current placement.

[p]rocedurally, these various directives [set forth in the Rules of Procedure for Child Abuse and Neglect Proceedings and related statutes] also provide the necessary framework for appellate review of a circuit court's action. Where a lower court has not shown compliance with these requirements in a final order, and such cannot be readily gleaned by this Court from the record, the laudable and indispensable goal of proper appellate review is thwarted.

*In re Edward B.*, 210 W. Va. 621, 632, 558 S.E.2d 620, 631 (2001). Further,

[w]here a trial court order terminating parental rights merely declares that there is no reasonable likelihood that a parent can eliminate the conditions of neglect, without explicitly stating factual findings in the order or on the record supporting such conclusion, and fails to state statutory findings required by West Virginia Code § [49-4-604(c)(6)] on the record or in the order, the order is inadequate.

*Id.* at 623, 558 S.E.2d at 624, Syl. Pt. 4, in part.

Specifically, West Virginia Code § 49-4-604(c)(6) explicitly requires that, in order to terminate parental rights, a circuit court must, among other things, make factual findings to support its conclusion that there is no reasonable likelihood that the conditions of abuse and neglect can be substantially corrected in the near future. Here, the circuit court's dispositional order and the dispositional hearing transcript are devoid of this conclusion and the requisite supporting factual findings. The dispositional order simply declared that termination of petitioner's parental and guardianship rights is clearly in the best interests of the children. Despite the circuit court's conclusion, evidence in the record revealed that petitioner had not screened positive for any substances for six months prior to disposition; therefore, it is critical to this Court's review that the circuit court support its ruling with detailed findings. Accordingly, pursuant to *Edward B.*, we find the dispositional process has been substantially disregarded and the order is inadequate. As such, it is necessary to vacate the dispositional order and remand the matter for the entry of a new order containing detailed findings of fact and conclusions of law specific to petitioner in support of the dispositional alternative the circuit court finds appropriate.

We have further explained that "[a]dequate findings must be made in order to protect the rights of litigants and to facilitate review of the record by an appellate court." *In re Edward B.*, 210 W. Va. at 631, 558 S.E.2d at 632. *Edward B.* concerned a dispositional order that failed to include specific findings required for termination of parental rights. *Id.* at 629-30, 558 S.E.2d at 628-29. Although that is not the precise situation at issue in petitioner's second assignment of error concerning denial of an improvement period, it is nonetheless instructive in a circumstance in which the circuit court made *no ruling* regarding petitioner's motion for an improvement period. Such motions are left to the circuit court's discretion. *See In re Tonjia M.*, 212 W. Va. 443, 448, 573 S.E.2d 354, 359 (2002). However, this Court is unable to undertake a review of whether an abuse of discretion occurred if the circuit court failed to include any ruling, let alone findings, in regard to this motion.

For the foregoing reasons, we vacate the circuit court's August 11, 2022, order terminating petitioner's parental and guardianship rights and remand the matter with instructions for the circuit

court to enter a new dispositional order addressing petitioner's motion for an improvement period and determining the proper disposition of petitioner's parental and guardianship rights, supported by detailed findings of fact and conclusions of law consistent with the West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings and Chapter 49 of the West Virginia Code. The Clerk is hereby directed to issue the mandate contemporaneously herewith.

Vacated and remanded, with directions.

**ISSUED**: September 20, 2023

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn